IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 29 2011

CLERK, U.S. DISTRICT COURT
by_____
                Deputy

ALFREDO REVILLA,                        §
                                        §
                Petitioner,             §
                                        §
v.                                      §        No. 4:11-CV-339-A
                                        §
RICK THALER, Director,                  §
Texas Department of Criminal            §
Justice, Correctional                   §
Institutions Division,                  §
                                        §
                Respondent.             §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Alfredo Revilla, a state prisoner currently incarcerated in Edinburg, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a 4-year sentence on his 2008 Tarrant County conviction for driving while intoxicated-felony repetition. (Pet. at 2)  He has been denied release on parole

and mandatory supervision by the Texas Board of Pardons and
Paroles (the Board).  On March 12, 2009, the Board denied
petitioner's release on parole based on reasons 1D, 3D, and 7D
reflected in respondent's Exhibit B and designated petitioner's
case as "serve-all".  (Attach. to Pet'r  App. to Proceed IFP,
Docket entry #9)  Thereafter, on December 8, 2009, the Board
denied petitioner release on mandatory supervision based on
reasons 9D1, 9D2, 1D, and 3D reflected in respondent's Exhibit B.
(Resp't Ans, Exs. A & B)  Most recently, on November 2, 2010, the
Board denied petitioner release on mandatory supervision based on
reasons 9D1, 9D2, 1D, 3D, and 5D reflected in respondent's
Exhibit B.  His current release date, with time credit, is March
11, 2012.  (State Habeas R. at 20)

        Petitioner has filed two relevant state habeas applications,
one on June 29, 2010, which was denied by the Texas Court of
Criminal Appeals without written order on the findings of the
trial court, and the second on February 15, 2011, which was
denied by the Texas Court of Criminal Appeals without written
order.  (01State Habeas R. at cover; 02State Habeas R. at cover)[1]

---

[1]"01State Habeas R." refers to the court record of petitioner's
state habeas application no. WR-74,430-01; "02State Habeas R."
refers to the court record of his state habeas application no. WR-
74,430-02.

## II.   ISSUES

Petitioner raises one ground, wherein he claims the Board has unconstitutionally denied him parole and mandatory supervision, thereby "taking" his accrued work and good time. (Pet. at 7)

## III. Rule 5 Statement

Respondent believes petitioner has sufficiently exhausted his state court remedies.  (Resp't Ans. at 3)  Nor does it appear the petition is either time-barred or successive.

## IV. Discussion

### 1. Legal Standard for Granting Habeas Corpus Relief

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme

3

Court on a question of law or if the state court decides a case
differently than the Supreme Court has on a set of materially
indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-
06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir.
2000). A state court decision will be an unreasonable
application of clearly established precedent if it correctly
identifies the applicable rule but applies it unreasonably to the
facts of the case. *Williams*, 529 U.S. at 407-08.

Section 2254(e)(1) provides that a determination of a
factual issue made by a state court shall be presumed to be
correct. The applicant has the burden of rebutting this
presumption of correctness by clear and convincing evidence.
*Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals
denies relief in a state habeas corpus application without
written order, typically it is an adjudication on the merits,
which is entitled to this presumption. *Ex parte Torres*, 943
S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a
federal court may assume that the state court applied correct
standards of federal law to the facts, unless there is evidence
that an incorrect standard was applied, and imply fact findings
consistent with the state court's disposition. *Townsend v. Sain*,

4

372 U.S. 293, 314 (1963);[2] *Schartzle v. Cockrell*, 343 F.3d 440,

443 (5th Cir. 2003); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3

(5th Cir. 2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th

Cir. 2001); *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir.

1997).

## 2.   Legal Discussion

When reviewing applications for habeas corpus relief,

federal courts will only review allegations of deprivations of

federal rights.   28 U.S.C. § 2254(a).   Texas inmates have no

constitutionally protected right to parole, because the relevant

Texas statutes do not create an expectation of release which

would implicate due process considerations.   *Allison v. Kyle,* 66

F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle,* 65 F.3d 29, 32 (5th

Cir. 1995).   The decision to parole or not to parole is

discretionary in Texas.   *See Madison v. Parker*, 104 F.3d 765, 768

(5th Cir. 1997).   Thus, while a petitioner may be eligible for

parole, the failure of the Board to grant parole does not merit

federal habeas relief.   *Orellana*, 65 F.3d at 31-32; *see also*

*Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981).

---

[2]The standards of *Townsend v. Sain* have been incorporated into
28 U.S.C. § 2254(d).   *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th
Cir. 1981).

On the other hand, the Fifth Circuit and the Texas Court of Criminal Appeals have held the Texas mandatory supervision scheme does create a constitutional expectancy of early release entitled to minimum due process protection. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). In light of the liberty interest created by the statute, the Texas Court of Criminal Appeals has determined that, under these circumstances, constitutional due process requires that an eligible inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful opportunity to be heard-i.e., an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60. Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release and informed of the specific month and year he will be next reviewed. *Id.* at 560; *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).

Petitioner was notified that the Board would review his file for discretionary mandatory supervision release in each instance and informed that if he wished to submit any additional

information, he should do so within a specified date to the
Parole Division.  (Resp't Ans. Ex. A at 2-3)  Further, the Board
notified petitioner of its decision in each instance, the reasons
for its decision, and that his case would be reviewed again in a
specified month and year.  (Pet'r App. to Proceed IFP, Docket
entry #3, Ex. A; 01State Habeas R. at 7; 02State Habeas R. at 7-
8)[3]

  Finally, to the extent petitioner contends the Board is
"taking away" his accrued good time and work time, his claim is
not supported by the record.  Notwithstanding petitioner's good
behavior in prison, under Texas law, good and work time credits
apply only to *eligibility* for parole or mandatory supervision and
do not actually reduce, extend, or otherwise have any effect on
the length of sentence imposed on an inmate.  (01State Habeas R.
at 23)  *See Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim.
App. 1994); TEX. GOV'T CODE ANN. § 498.003(a) (Vernon 2004).
Consequently, any good or work time petitioner has accrued does
not discharge any part of his 4-year sentence.  "A Texas inmate
cannot compute his sentence by adding good time credits to the

---

  [3]Although the parties did not provide a copy of the Board's
notice of its November 2, 2010, denial, the Court is aware that it
is the practice of the Board to provide such notice to an inmate.

time he has actually served (flat time)—it merely reflects when he is eligible for [parole or] mandatory supervision, not that he is absolutely entitled to immediate release." *Cordova v. Johnson*, No. 3:00-CV-1622-P, 2001 WL 493179, at *3 (N.D. Tex. May 8, 2001) (not designated for publication).

Petitioner has not demonstrated that the Board's decision, or the state courts' rejection of his claims, is contrary to clearly established federal law or is otherwise unreasonable. 28 U.S.C. § 2254(d). As a matter of state and constitutional law, it appears petitioner was afforded all the due process he was entitled.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a

8

constitutional right.

   SIGNED September ___29___, 2011.


                              _____
                              JOHN MCBRYDE
                              UNITED STATES DISTRICT JUDGE

9